CENTRAL MILK DEALERS' BOTTLE EXCHANGE, INC.
v. HOLMES.

[No. 15,286. Filed October 14, 1936.]

*Matson, Ross, McCord & Clifford, Adolph Schreiber* and *Robert D. McCord,* for appellant.

*R. L. Ewbank* and *Carl Humble,* for appellee.

CURTIS, J.—This was an action in replevin brought by the appellant against the appellee to recover the possession of certain milk bottles and cases, the said bottles having the names of certain milk dealers blown in or etched thereon.

· The complaint alleged ownership and the right to immediate possession. It was filed before a justice of the peace. There was an answer in general denial. The venue was changed to the Municipal Court of Marion County where it was tried before a jury, resulting in a verdict in favor of the appellee upon which a judgment was rendered against the appellant that it return to the appellee the property in question. The appellant had filed a bond when the action was commenced and the said property had been turned over to it by reason of the bond. A motion for a new trial was seasonably filed and overruled and this appeal thereafter prayed and perfected. The only error assigned is the ruling on the motion for a new trial. The said motion contains the grounds or causes that the verdict is not sustained by sufficient evidence and is contrary to law. It also alleges error as to the giving of certain instructions, but the appellant in its brief has failed to recite the instructions that were given and has therefore failed to present any question as to the instructions. See Fifth clause of Rule 22 of the Supreme Court and this Court. See also *Cole* v. *McLean* (1931), 93 Ind. App. 526, 177 N. E. 348. This leaves for consideration the first two causes in the motion.

The appellant relies largely upon an instrument in writing which it contends is a contract with the appel-

lee. Inasmuch as the writing is not signed by the appellant the appellee contends that it is no contract. We set out the instrument as follows:

"CENTRAL INDIANA MILK DEALERS' BOTTLE
EXCHANGE, INCORPORATED

50 South Christian Street

Indianapolis, Indiana

"The undersigned acknowledges that he now holds and is using certain milk bottles and/or cans, cases and other containers belonging to patrons of the Central Indiana Milk Dealers' Bottle Exchange, Inc., which bottles and/or cans, cases and other containers bear the registered names, brands, devices or trade marks of the owners, and that said Exchange is entitled to take possession of said articles under the law and the terms of the various contracts entered into by said Exchange with the owners of said articles.

"In order to avoid litigation and in consideration of the voluntary offer of the Central Indiana Milk Dealers' Bottle Exchange, Inc., to exchange plain milk bottles for the lettered ware now held or being used by the undersigned but belonging to the patrons of said Exchange, the undersigned agrees: (a) to deliver to said Exchange all milk bottles, cans, cases and other containers bearing the name, brand, device or trade-mark of patrons of said exchange now held or being used by the undersigned, immediately upon delivery by said Exchange to the undersigned of a like number of plain, unmarked milk bottles; (b) to refrain hereafter from collecting, holding, using or otherwise dealing in the lettered or marked bottles, cans, cases and other containers of the patrons of said Exchange; (c) to deliver to said Exchange all bottles, cans, cases and other containers bearing the names, brands, devices or trade-marks of patrons of said Exchange which may hereafter come into the possession of the undersigned; for which service said Exchange shall pay to the undersigned the then current rate being paid by said Exchange for the delivery to it of the bottles, cans, cases and other containers of its patrons by non-members of said Exchange.

"The undersigned acknowledges receipt of a list

of the patrons of the Central Indiana Milk Dealers' Bottle Exchange, Inc., and agrees to be governed by such list and such additional list as shall be furnished by said Exchange in carrying out the terms of this agreement. This agreement may be enforced by said Exchange or its patrons, acting jointly or severally.

"Dated at Indianapolis, Indiana, this 11th day of Nov., 1932.

B. H. HOLMES,
R. 8, Indianapolis.

WITNESS:

Nat Edwards.

Receipt is hereby acknowledged of the entire number of plain milk bottles referred to in the foregoing agreement.

Dated this 11th day of Nov., 1932.

B. H. HOLMES.

WITNESS:

H. E. Allen."

Evidently upon the theory that said instrument was ambiguous the trial court heard evidence tending to explain its meaning. It has not been pointed out to us that either side objected to this explanatory evidence. Both sides seem to have acted under the provisions of the instrument and we doubt the right of either now to consider it of no binding effect. The appellee further contends that the appellant is without right under the law to act as the agent of the milk dealers referred to in said written instrument, assigning as his reason that the said appellant, being incorporated as a voluntary association not for profit, cannot thus act as an agent for the said milk dealers in assisting them in their business for profit.

We do not deem it necessary to pass upon that question for the reason that if it be assumed (a question which we do not decide) that said appellant is entitled to act in the manner it seeks to act in the instant case, yet we think that the verdict cannot be disturbed in this court for another reason.

612

There is at least some competent evidence from which the jury may have concluded that the appellant itself violated the provisions of the said written instrument and there was further evidence from which the jury could conclude that a part of the property in question was rightfully in the possession of the appellee and that the appellant failed to show any superior right of ownership or possession. It is a familiar rule that where there is some competent evidence to sustain the verdict this court will not weigh the evidence and substitute its judgment for that of the jury. Neither do we perceive any reason why the verdict is contrary to law. The motion for a new trial was correctly overruled.

Judgment affirmed.